**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| GREAT SENECA FINANCIAL CORP.,        )<br>                                                                )<br>            Plaintiff,                                   )<br>                                                                )<br>v.                                                             )<br>                                                                )<br>JEROID FISHER a/k/a JEROID D. FISHER,[1]  )<br>                                                                )<br>            Defendant;                                 )<br>_____)<br>                                                                )<br>JEROID FISHER a/k/a JEROID D. FISHER,   )<br>                                                                )<br>            Counterclaimant,                      )<br>                                                                )<br>v.                                                             )<br>                                                                )<br>GREAT SENECA FINANCIAL CORP.,        )<br>                                                                )<br>            Counterdefendant.                     )<br>_____) | CIVIL ACTION<br><br>No. 05-2059-KHV |

**MEMORANDUM AND ORDER**

On December 17, 2004, Great Seneca Financial Corporation ("Great Seneca") filed suit against Jeroid Fisher in the District Court of Crawford County, Kansas, seeking to collect a debt that Fisher allegedly owed to its assignee, American Debt Sales.[2] On December 30, 2004, defendant pro se filed an answer in which he asserted a counterclaim against Great Seneca under the Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA"). On February 4, 2005, Great Seneca removed the case to federal court. This matter comes before the Court on the unopposed <u>Motion Of Plaintiff To</u>

---

[1]   The docket and notice of removal list defendant's first name as Jeroid, although all of the other papers indicate that it is Jerold.

[2]   Great Seneca asserts that Fisher owed $5,739.69 to American Debt Sales.

Dismiss Defendant's Counterclaim Or For Summary Judgment filed April 29, 2005.  For reasons set forth below, the Court finds that Great Seneca's motion should be sustained.

## Standards For Motions To Dismiss Under Rule 12(b)(6)

A Rule 12(b)(6) motion should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  The Court accepts all well-pleaded factual allegations in the complaint as true and draws all reasonable inferences from those facts in favor of plaintiff.  See Shaw v. Valdez, 819 F.2d 965, 968 (10th Cir. 1987).  In reviewing the sufficiency of plaintiff's complaint, the issue is not whether plaintiff will prevail, but whether plaintiff is entitled to offer evidence to support his claims.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  Although plaintiff need not precisely state each element of his claims, he must plead minimal factual allegations on those material elements that must be proved.  See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

## Summary Judgment Standards

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  See Fed. R. Civ. P. 56(c); accord Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Vitkus v. Beatrice Co., 11 F.3d 1535, 1538-39 (10th Cir. 1993).  A factual dispute is "material" only if it "might affect the outcome of the suit under the governing law."  Anderson, 477 U.S. at 248.  A "genuine" factual dispute requires more than a mere scintilla of evidence.  Id. at 252.

The moving party bears the initial burden of showing the absence of any genuine issue of

material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hicks v. City of Watonga, 942 F.2d 737, 743 (10th Cir. 1991). Once the moving party meets its burden, the burden shifts to the nonmoving party to demonstrate that genuine issues remain for trial "as to those dispositive matters for which it carries the burden of proof." Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991). The nonmoving party may not rest on its pleadings but must set forth specific facts. Applied Genetics, 912 F.2d at 1241.

The Court must view the record in a light most favorable to the party opposing the motion for summary judgment. Deepwater Invs., Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir. 1991). Summary judgment may be granted if the nonmoving party's evidence is merely colorable or is not significantly probative. Anderson, 477 U.S. at 250-51. "In a response to a motion for summary judgment, a party cannot rely on ignorance of facts, on speculation, or on suspicion, and may not escape summary judgment in the mere hope that something will turn up at trial." Conaway v. Smith, 853 F.2d 789, 794 (10th Cir. 1988). Essentially, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 251-52.

## **Analyis**

Great Seneca asserts that Fisher's counterclaim does not set forth a claim on which relief may be granted. Fisher's counterclaim alleges only that Great Seneca, through the law firm of Kramer & Frank, P.C., violated the FCRA because it requested a credit bureau report on Fisher without his permission. As Great Seneca points out, however, the FCRA sets forth five circumstances in which

3

a third party may obtain a consumer credit report without the consumer's permission. See 15 U.S.C. § 1681b (a)(3). Plaintiff has not alleged that those circumstances do not apply here. Therefore, Great Seneca asserts that the counterclaim does not allege a violation of the FCRA. Even if plaintiff has set forth a claim under the FCRA, Great Seneca asserts that it is entitled to summary judgment because it lawfully obtained the credit report.

Under 15 U.S.C. § 1681b(a)(3)(A), a creditor may obtain a consumer report without the debtor's permission if the creditor "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer." Great Seneca has produced the affidavit of Kramer & Frank credit adjuster, Diane Lawson. Lawson states that she was responsible for the Great Seneca account of Jerold Fisher. When she received Fisher's account for collection, she could find no phone listing at the address which Great Seneca provided. Lawson then requested a credit bureau report to locate Fisher and to attempt to confirm that any judgment against him would be collectible. These facts support Great Seneca's claim that it is entitled to summary judgment on Fisher's FCRA claim.

Fisher has not responded to Great Seneca's motion.[3] Pursuant to D. Kan. Rule 7.4, if a respondent fails to file a timely response, "the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." By failing to file a timely response, Fisher waived the right to file a response or to controvert the facts asserted in the summary judgment motion. Reed v. Bennett, 312 F.3d 1190, 1194 (10th Cir. 2002). Of course, this Court must

---

[3] Under Rule 6(a), Fed. R. Civ. P., and D. Kan. Rule 6.1(d)(2), Fisher had until May 23, 2005 to file a response.

4

construe the local rules in a manner consistent with Fed. R. Civ. P. 56, which sets forth the consequences of failing to oppose a summary judgment motion:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided by this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56; see Reed at 1194. As set forth above, Great Seneca is entitled to summary judgment on Fisher's counterclaim under the FCRA.

Great Seneca's state law claim is not supplemental to any federal question claim, and the Court therefore dismisses it without prejudice. Cf. Ball v. Renner, 54 F.3d 664, 669 (10th Cir. 1995).

**IT IS THEREFORE ORDERED** that the Motion Of Plaintiff To Dismiss Defendant's Counterclaim Or For Summary Judgment filed April 29, 2005 be and hereby is **SUSTAINED**. **IT IS FURTHER ORDERED** that plaintiff's state law claim is **DISMISSED WITHOUT PREJUDICE.**

Dated this 8th day of August, 2005 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge